In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00093-CR

                                                ______________________________

 

 

 

                                                   IN
RE:  JAMIE LEE BLEDSOE

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Jamie Lee Bledsoe has filed with
this Court a “Motion in Advice,” which we interpret as a petition for mandamus
relief.  Bledsoe asks this Court to order
the 71st Judicial District Court of Harrison County, Texas, to acknowledge the
filing of Bledsoe’s motion for judgment nunc pro tunc and to provide Bledsoe
with a file-marked copy of this motion.  

            The proceedings giving rise to this
petition begin with Bledsoe’s filing a petition for writ of mandamus, asking
this Court to order the trial court to grant his previously filed motion for
judgment nunc pro tunc, in order to correctly credit Bledsoe with actual time
served for which no credit was given. 
This Court’s opinion issued on April 8, 2011, denying Bledsoe’s petition
for the reason that Bledsoe failed to furnish a record sufficient to support
his claim for mandamus relief.  See Tex.
R. App. P. 52.7(a).  Specifically,
Bledsoe failed to furnish this Court with evidence that the motion for judgment
nunc pro tunc was filed in the trial court, together with documentation
verifying the dates and events (short of a copy of an indictment for burglary
of a habitation) alleged to be the basis of Bledsoe’s time credit claim.

            Bledsoe filed a second motion for
judgment nunc pro tunc on May 2, 2011. 
This Court has been furnished with a file-marked copy of that motion by
the clerk of the trial court.  Bledsoe’s
request for a file-marked copy of his motion for judgment nunc pro tunc was
made in order that he would then be in a position to ultimately provide this
Court with a file-marked copy of that motion. 
Because that purpose has been accomplished, Bledsoe has received the
relief requested in his petition.[1]

            Accordingly, we dismiss Bledsoe’s
petition for writ of mandamus as moot.

            

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          May 17, 2011

Date
Decided:             May 18, 2011

 

Do
Not Publish











[1]Because
it has become apparent that there will be no ruling on Bledsoe’s motion for
judgment nunc pro tunc in the absence of a submitted order, Bledsoe would be
well served to submit an order to the clerk of the trial court and to the trial
court, seeking a ruling on his motion for judgment nunc pro tunc, together with
a specific request to the trial court seeking a ruling on the motion.  We do not condone the practice of refusing to
rule on petitioner’s motion in the absence of a submitted order, especially in
view of the fact that Bledsoe is incarcerated.